# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KEVIN GUZMAN,<br>Defendant. | Case No. 1:26-cr-00019-KES-EPG-1<br><br>ORDER REQUIRING GOVERNMENT TO SHOW CAUSE WHY BOND SHOULD NOT BE RETURNED TO SURETY<br><br>**FOURTEEN-DAY DEADLINE** |

As relevant here, on February 6, 2026, the assigned Magistrate Judge held a detention hearing as to Defendant Kevin Guzman. (ECF No. 23.) Defendant was ordered detained. (ECF No. 24.) Following a motion to revoke the detention order, Defendant was released on a full equity property bond and the surrender of his passport. (ECF No. 37.) On July 6, 2026, Defendant posted the full equity bond of a property owned by Surety Oscar Alfredo Guzman in Ridgecrest, CA. (ECF No. 47.) Defendant and Surety were advised that the bond "will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence." (ECF No. 45.)

On September 3, 2026, Defendant initially appeared for a violation of pretrial release. (ECF No. 53.) The Court found that Defendant admitted the offense and ordered that the previous conditions of pretrial release be revoked and that Defendant be detained. See 18 U.S.C. § 3148(b)(2). (ECF No. 54.)

In light of the foregoing, the Court shall order the Government to show cause in writing within **fourteen (14) days** of entry of this order why the full equity bond should not be released to the Surety. If the Government does not respond to this show cause order in writing, that lack of response will be construed as a non-opposition to an order by the Court, and the Court will direct the Clerk of Court to return the bond to the address of the Surety on file.

IT IS SO ORDERED.

Dated: **September 4, 2026**

STANLEY A. BOONE
United States Magistrate Judge